# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 2:11-cr-00002-JMS-CMM |
| vs. | ) | |
| | ) | |
| SETH BRISSEY, | ) | |
|     Defendant. | ) | |

## AMENDED REPORT AND RECOMMENDATION

On February 12, 2020, the Court conducted a hearing on the Petition for Warrant for Offender Under Supervision filed on May 17, 2019. Seth Brissey ("Defendant") appeared in person with FCD counsel, Joseph Cleary. The government appeared by Abhishek Kambli, Assistant United States Attorney. U. S. Probation appeared by Officer Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights, the nature of the allegations in the petition, and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing. The parties advised the Court that they had reached a proposed agreement on disposition and asked the Court to proceed with a full hearing on the petition.

2. After being placed under oath, Defendant admitted Violation Nos. 1-3. [Docket No. 76.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1, 2 & 3 | "The defendant shall not commit another federal, state or local crime." |

"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."

"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

On May 12, 2019, Mr. Brissey was arrested by the Crawfordsville Police Department and charged with following: Ct. 1: Unlawful Possession of Syringe (Felony); Ct. 2: Possession of a Narcotic Drug (Heroin) (Felony); Ct. 3: Possession of Marijuana (Misdemeanor); and, Ct. 4: Possession of a Narcotic Drug (Hydrocodone) (Felony).

According to the Probable Cause Affidavit, on May 12, 2019, law enforcement was dispatched to The Home Depot store in Crawfordsville, Indiana, in reference to a male subject passed out in a vehicle. Upon law enforcement arrival, contact was made with Mr. Brissey, whom was lying back in the passenger seat and appeared to be under the influence. After Mr. Brissey declined medical treatment from medics, a K9 officer conducted a free air sniff around his vehicle. The K9 alerted on the passenger side door of the vehicle. Law enforcement discovered on the passenger side door area an empty liquid vaporizer tank package containing one used hypodermic needle/syringe. Incident to arrest, additional items were located on Mr. Brissey's person that were concealed inside a black and grey colored sock that was attached to his belt loop, inside his pants. The items seized were: a clear baggie containing four small sized aluminum foil wraps containing Heroin; a glass jar containing a wax like substance which tested positive for marijuana; one half-sized tablet identified as hydrocodone-acetaminophen.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **VI**.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 24** months imprisonment.

5. Parties jointly recommended that defendant be incarcerated for twenty-one (21) months with no supervised release to follow.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a) The Defendant violated the conditions in the petition;

(b) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge;

(c) That, consistent with the agreement, the Magistrate Judge recommends that the defendant's supervised release be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months, with no supervised release to follow. The Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation. The Court recommends to the Bureau of Prisons placement at Marion, Illinois and that defendant is enrolled in substance abuse and/or mental health treatment. Upon adoption of this agreement by the District Judge, the Government will dismiss violations #4-7.

(d) The Magistrate Judge observes that the defendant pursued modest treatment options available during his incarceration as a Level 6 offender in the Montgomery County Jail. Ongoing treatment available in the Bureau of Prisons is the defendant's best hope of overcoming a substantial substance abuse problem. This is especially so when the parties agree—and the Magistrate Judge reluctantly concurs—that supervised release following this renewed federal

incarceration is not a viable option. Having failed to take advantage of the support from a federal probation officer to date, there is no confidence that such support in a second go-round will be any more successful. Thus, treatment while incarcerated offers the sole option for Mr. Brissey to overcome addiction and pursue his life. While this approach permits federal probation officers to concentrate their efforts on individuals whose desire to recover is matched by their efforts to do so, it leaves Mr. Brissey with a substantial individual responsibility upon his release.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the 14-day objection period.


Dated: March 3, 2020

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system